**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ABRAHAM/RASHEEN GRANT/RAKIM**
**ADC #128147** **PLAINTIFF**

**V.** **CASE NO. 5:14-CV-00003 BSM/BD**

**WENDY KELLEY, et al.** **DEFENDANTS**

# RECOMMENDED DISPOSITION

## I. Procedures for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II. **Background**:

Plaintiff Abraham/Rasheen Grant/Rakim, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42. U.S.C. § 1983. (Docket entry #2) Mr. Grant/Rakim claims that Defendants acted with deliberate indifference to his serious medical needs by failing to timely provide his prescription medication on multiple occasions over a three-year period.

All Defendants have now moved for summary judgment on Mr. Grant/Rakim's claims against them. (#80, #83) Mr. Grant/Rakim has responded, and the Defendants have replied. Based on the evidence presented, the Court recommends that the motions for summary judgment (#80, #83) be GRANTED.

## III. **Discussion**:

### A. Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving party must first present evidence showing that there is no genuine dispute as to

any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the nonmoving party does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

B. Separate Defendants Watt and Newman

In his complaint, Mr. Grant/Rakim explains that he seeks to hold Defendants Watt and Newman liable based on their supervisory positions within the ADC. Defendant Watt is the Director of Nursing at the Varner Supermax Unit. (#81-1 at p.4) Defendant Newman is the former Assistant Director of Nursing at the Varner Supermax Unit.[1] (*Id.*)

During his deposition, Mr. Grant/Rakim specifically testified that he was suing these Defendants based on their failure to properly supervise the nurses at the Varner Supermax Unit. (#81-1 at p.4) Mr. Grant/Rakim acknowledged that he was never examined by either of these Defendants with regard to the allegations at issue in this lawsuit. He also stated that, although Defendants Watt and Newman were aware that he was in need of his prescription medication for one three-day time period, they failed to

[1] The evidence relied upon by the Defendants does not reflect that Defendant Watt is the "former" Assistant Director, but Mr. Grant/Rakim does not contest this fact in his response to the Defendants' motion.

have medical personnel timely deliver his medication. (#81-1 at p.5) Based on this undisputed evidence, Mr. Grant/Rakim's claims against Defendants Watt and Newman fail.

In a § 1983 action, a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate based solely on his or her supervisory position. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (U.S. 2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948.

The Eighth Circuit has recognized that a prison supervisor may be held liable if he or she fails to properly supervise his subordinates by tacitly authorizing a unconstitutional activity or by failing to take corrective action in response to a constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). But that is not the situation here.

To state a valid failure to supervise claim, a prisoner must allege that the prisoner supervisor: "(1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; (3) failed to take sufficient remedial action; and (4) that such failure

proximately caused the injury." *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010); *Otey v. Marshall*, 121 F.3d 1150, 1156 (8th Cir. 1997).

Importantly, a "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007). For instance, in *Lenz*, a jury found an ADC prison warden, who had knowledge that a guard had previously used excessive force against a prisoner, liable for that guard's second use of excessive force. The Court of Appeals reversed the jury verdict against the prison warden, holding that the previous incident of excessive force was not enough to show a "pattern" of misconduct. *Id.* at 995-97.

Here, although Mr. Grant/Rakim claims that Defendants Watt and Newman were aware that he did not receive his prescription medication for one three-day time period, he does not assert that these Defendants knew of a *pattern* of unconstitutional conduct. In his grievance papers, Mr. Grant/Rakim complained that he did not receive his medication on seven occasions over a three-year period, but he did not state that either Defendant Watt or Newman was aware of these alleged instances.[2] (#83-8 at p.1) Because Mr. Grant/Rakim has failed to provide any evidence that either Defendant Watt or Newman was aware of a pattern of unconstitutional conduct and failed to act, these two Defendants are entitled to judgment as a matter of law.

---

[2] Furthermore, as discussed below, the evidence presented does not support Mr. Grant/Rakim's allegation that he failed to timely receive medication on seven occasions, thus defeating any finding of a "pattern" of unconstitutional conduct.

C. Separate Defendant Kelley

1. Exhaustion

In her motion for summary judgment, Defendant Kelley first contends that Mr. Grant/Rakim did not fully exhaust his administrative remedies against her, as required by the Prison Litigation Reform Act ("PLRA"). The Court must decide this issue before addressing the merits of Mr. Grant/Rakim's deliberate-indifference claim against Defendant Kelley. See *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378, (8th Cir. Aug. 19, 2010) (unpublished opinion) (holding that the trial court erred when it dismissed the case, with prejudice, on the merits without first considering the exhaustion issue, and dismissing without prejudice).

It is settled law that prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If a claim is not fully exhausted by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The prison's procedures, rather than federal law, set the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). An inmate must exhaust prison procedures, even though he or she believes that the prison's administrative procedures are ineffective

or futile. The inmate's belief as to the value of following the prison's grievance process is irrelevant in determining whether administrative procedures were available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

In support of her summary judgment motion, Defendant Kelley provides the Court the declaration of Shelly Byers, the ADC Medical Grievance Supervisor. (#83-4) Ms. Byers's sworn statement indicates that during the time period relevant to this lawsuit, Mr. Grant/Rakim fully exhausted four medical grievances prior to filing his complaint, VMS-11-00767, VSM-11-03162, VSM-11-13-00992, and VSM-13-03538. (#83-4 at p.2) In grievances VMS-11-00767, VSM-11-03162, VSM-11-13-00992, Defendant Kelley is not mentioned. (#83-5 at p.1; #83-6 at p.1; #83-7 at p.1) In VSM-13-03538, Mr. Grant/Rakim mentions Defendant Kelley in his appeal of the grievance. (#83-8 at p.2)

In his appeal, Mr. Grant/Rakim explains that, although he filed a grievance with Defendant Kelley, his medication was not ordered in a timely manner. *Id*. In the Chief Deputy/Deputy/Assistant Director's decision addressing that grievance, Defendant Kelley is not identified, but the objections raised in Mr. Grant/Rakim's appeal concerning the continual delay in providing medication are specifically addressed. (#83-8 at p.3)

Even though Mr. Grant/Rakim testified that he did not file a grievance against Defendant Kelley (#83-1 at p.11), because his complaint against Defendant Kelley was addressed in the grievance process, the Court cannot conclude that Mr. Grant/Rakim failed to exhaust his administrative remedies as to Defendant Kelley. Accordingly,

Defendant Kelly is not entitled to summary judgment on this basis. Unfortunately for Mr. Grant/Rakim, however, his claims against Defendant Kelley still fail.

2. Deliberate Indifference

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prove that a prison official failed to provide adequate medical treatment, Mr. Grant/Rakim must show that he suffered from an objectively serious medical need and that Defendant Kelley "knew of the need yet deliberately disregarded it." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Moreover, a deliberate indifference claim must be brought against the individual directly responsible for an inmate's medical care. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

For Defendant Kelley to be liable, Mr. Grant/Rakim must show that she "actually knew of but deliberately disregarded [his] serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Mr. Grant/Rakim must show "more than negligence, more even than gross negligence." *Fourte*, 746 F.3d at 387 (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Instead, Mr. Grant/Rakim must show that Defendant Kelley's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

Here, Mr. Grant/Rakim has failed to provide any evidence that Defendant Kelley is directly responsible for his medical care. In her affidavit attached to her motion for summary judgment, Defendant Kelley testified that she cannot provide medication to inmates and that she relies upon the expertise of the medical providers who treat inmates when addressing grievances concerning medical-treatment decisions. (#83-9 at p.2)

Furthermore, although Defendant Kelley responded to three of Mr. Grant/Rakim's grievances 's response, participation in the grievance process is insufficient to establish liability under § 1983. *Day v. Correctional Medical Services*, 281 Fed. Appx. 624, 626, 2008 WL 2357869, *2 (8th Cir. 2008) (unpublished, per curiam decision); and *Rowe v. Norris*, 198 Fed. Appx. 579, *1 (8th Cir. 2006) (unpublished) (per curiam).

Finally, based on the grievance papers submitted in support of the motion for summary judgment, it appears that Mr. Grant/Rakim's medication was ordered in a timely fashion, and that Mr. Grant/Rakim could have received the medication at issue at the pill-call window if he did not have it "on person." (#83-7 at p.4) In addition, the evidence presented indicates that if Mr. Grant/Rakim had taken his medication as prescribed, he would not have run out of his medication. (#83-8 at p.3)

It does appear that Mr. Grant/Rakim experienced a delay in receiving his medication in February 2011, but he does not allege that Defendant Kelley was responsible for this delay or that she was aware of the delay prior to responding to Mr. Grant/Rakim's grievance several months after the problem was resolved. (#83-5 at p.4)

Based on this undisputed evidence, Defendant Kelley is entitled to judgment as a matter of law on Mr. Grant/Rakim's deliberate-indifference claim. His claims against Defendant Kelley should be DISMISSED, with prejudice.

**IV. Conclusion:**

The Court recommends that the motions for summary judgment (#80, #83) be GRANTED, and that Mr. Grant/Rakim's motion for judgment on the pleadings (#87) be DENIED as moot. Mr. Grant/Rakim's claims against Defendants Watt, Newman, and Kelley should be DISMISSED, with prejudice.

DATED 31st day of December, 2014.

UNITED STATES MAGISTRATE JUDGE